**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTINA COLLINS<br>1038 Yeadon Ave<br>Yeadon, PA 19050 | :<br>:<br>:   CIVIL ACTION<br>: |
|       Plaintiff, | :<br>: |
|       v. | :   CASE NO.:<br>: |
| CHILDREN'S HOSPITAL OF<br>PHILADELPHIA (CHOP)<br>3401 Civic Center Blvd<br>Philadelphia, PA 19104 | :<br>:<br>:<br>:   **JURY TRIAL DEMANDED** |
|       Defendant | :<br>:<br>: |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.     This action has been initiated by Christina Collins (hereinafter referred to as "Plaintiff," unless indicated otherwise) against Children's Hospital of Philadelphia (CHOP) ("Defendant"). Plaintiff asserts violations of Title VII of the Civil Rights Act ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981), the Americans with Disabilities Act, as Amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), the Philadelphia Fair Practices Ordinance ("PFPO"), and the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et seq*). Plaintiff contends she was subject to discriminatory and retaliatory mistreatment while employed (as explained *infra*) and that she was unlawfully terminated from her employment.

**JURISDICTION AND VENUE**

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

redress for violations of federal laws. State claims asserted herein are proper under this Court's ancillary or supplemental jurisdiction to hear state claims arising out of the same common nucleus of operative facts as those set forth in Plaintiff's federal claims.

3.     This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this District because actions underlying this case occurred in this District, and Defendant is deemed to reside where it is subject to personal jurisdiction (rendering venue appropriate for multiple reasons).

## PARTIES

5.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.     Plaintiff is an adult African American/Black female residing at the above-captioned address.

7.     Defendant is a pediatric hospital that provides pediatric care to infants, children, teenagers, and young adults from ages 0-21. Defendant's main campus is located at 3401 Civic Center Blvd, Philadelphia, PA 19104 and has multiple other campuses in the Philadelphia area.

8.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

9.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.    Plaintiff is a Black (African American) female.

11.    Plaintiff was employed by Defendant for approximately 5 years and 10 months (commencing on or about April 8, 2019) until being terminated on or about February 25, 2025.

12.    Plaintiff physically worked for Defendant at 3401 Civic Center Blvd. Philadelphia, PA 19104.

13.    Plaintiff was first hired as the Office Coordinator for the Kidney Transplant Team and held this position from on or about April 8, 2019 until a date in or about 2021, when she was promoted to the team's Program Manager.

14.    In or about October 2023, Plaintiff was promoted to Practice Operations Manager III of the Pulmonary Department and held this position until her unlawful termination on or about February 25, 2025.

15.    Plaintiff's duties as Practice Operations Manager III of the Pulmonary Department included but were not limited to:

    a.    The direct supervision of more than 15 staff members and indirect supervision of about 30 staff members in total;

    b.    Managing projects, including but not limited to:

        i.    Asthma High-Utilizer patient program, designed to assist patients who frequently visit the emergency room for asthma;

        ii.    Ensuring expeditious scheduling for patients under 2 years old;

    iii.   Co-management of the sleep department;

    iv.   Creation of administrative positions and promotions;

    v.   Assisted business managers in ensuring that providers (physicians, fellows, and nurse practitioners) had enough vacation, PTO, and were properly using their time off.

16.    In her role as Practice Operations Manager III, Plaintiff was directly supervised by Meredith Pan ("Pan" – Caucasian), Director of Physician Practice Administration, who directly supervised approximately fifteen (15) employees.

17.    Pan was directly supervised by Allison Marx, the Vice Chair of Administration (hereinafter "Marx").

### Racial Discrimination

18.    While Pan had approximately 15 employees under her supervision, Plaintiff was, upon information and belief, the only Black employee that Pan directly supervised.

19.    Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to disparate treatment based on her race, including, by way of example:

    i.   Plaintiff was given more work than her Caucasian counterparts (including Emily Madonia "Madonia" – Caucasian);

    ii.   Upon information and belief, Plaintiff was paid less than Madonia, despite having more experience than her;

    iii.   Plaintiff was forced to work in the office 2-4 days per week, despite the fact that:

        1.   Madonia was only required to work in the office 1 day per week and could leave several hours early;

2. Most of Plaintiff's supervisees were permitted to work remotely;

iv. Pan would heavily micromanage Plaintiff, despite not doing so to her Caucasian counterparts; and

v. Plaintiff was treated in an overall rude and demeaning manner, as compared to her non-Black counterparts.

20. In or about October 2024, Plaintiff filed her first complaint of racial discrimination with the Employee Relations Specialist, Lauren Stroud ("Stroud" – African American/Black).

21. Immediately after her interview with Stroud, Pan called Plaintiff to her office, where Pan asserted that Plaintiff's claim of discrimination had no merit and that she would not change her conduct.

22. Stroud recommended a mediated meeting between Plaintiff and Pan in or about November 2024.

23. The mediated meeting recommended by Stroud never took place.

24. Instead of attempting to resolve any of Plaintiff's concerns about racial discrimination:

vi. Pan ignored the request to hold the mediated meeting;

vii. Stroud did not conduct any meaningful investigation into Pan's behavior; and

viii. Pan's discriminatory behavior continued and worsened in the form of aggressive micromanagement after the mediated meeting was proposed and declined.

25. As a result of the foregoing, Plaintiff made a second complaint to Stroud in or about the end of January 2025, explaining that Pan's behavior made her anxious and that she was being subjected to a hostile working environment.

26. Similarly to the first complaint, Defendant did not properly investigate or remedy Plaintiff's second complaint, either.

27. Upon information and belief, Plaintiff was not the only Black employee to complain about Pan's discriminatory and/or hostile behavior.

**Plaintiff's Disabilities and Need/Requests for Reasonable Accommodations**

28. In addition to the ongoing racial discrimination that Plaintiff was subjected to while employed by Defendant, Plaintiff also avers that Defendant's management violated the ADA and interfered with her access to benefits under the FMLA.

29. Plaintiff suffers from anxiety and depression and made Defendant aware of her condition by discussing her disabilities and needs with management.

30. For example, Plaintiff discussed her disabilities with Defendant on numerous occasions, including when:

    i. In or about May 2024, Plaintiff explained her anxiety to Davis, who told Plaintiff to "get some support;"

    ii. In or about August 2024, Plaintiff disclosed her anxiety to Pan and explained the exacerbating effect of the stress level from her job duties;

    iii. In or about late November or early December 2024, Plaintiff disclosed her depression to Pan.

31. Because Plaintiff's disabilities can, at times, limit her daily life activities, such as sleeping, eating, working, and engaging in social interaction, Plaintiff requested a reasonable

6

accommodation in the form of occasional intermittent time off whenever she experienced a flare-up of symptoms.

32.    Plaintiff therefore requested and was approved to take intermittent FMLA leave for her disabilities from July 2024 to July 2025.

33.    Upon information and belief, Defendant's company culture frowned upon the use of FMLA-approved time.

34.    Even when Plaintiff believed it was appropriate to recommend that employees use FMLA, Pan discouraged her from providing such employees with the information they needed to apply for it, instead requesting that Plaintiff only provide it after asking a series of questions, such as how often the FMLA time would be used and why it was needed.

35.    Upon information and belief, Plaintiff's duty was only to provide employees with information on how to apply for FMLA and not to ask how often it was needed, or even why it was needed.

**Retaliation and Failure to Accommodate**

36.    Following Plaintiff's complaints of racial discrimination and after seeking reasonable accommodations for her disability, Plaintiff was subjected to further hostility and animosity.

37.    For example, Pan became more aggressive towards Plaintiff and also made things more difficult for her, including holding all meetings in person, even though before Plaintiff's complaints, Pan primarily held meetings virtually.

38.    Additionally, on February 11, 2025, shortly after Plaintiff's second complaint (discussed *supra*), Pan issued a "Level 2" disciplinary action against Plaintiff, purportedly because her performance had been "getting worse" and she had missed a management meeting.

39.     Plaintiff requested a meeting to go over the issues in the disciplinary action, but Pan declined to do so.

40.     Plaintiff appealed the disciplinary action to Elise Davis ("Davis" – HR Business Partner, Caucasian) and informed Davis that she felt she was being retaliated against for her prior complaints of discrimination.

41.     Davis dismissed Plaintiff's concerns and responded that Defendant's business partners trust their managers, and that they are not obligated to review any disciplinary action below Level 3 (regardless of whether the employee believes the disciplinary action was unlawful).

42.     Because Davis ignored Plaintiff's complaints of unlawful retaliation, she also complained to Stroud, but was further ignored.

43.     Therefore, on or about February 17, 2025, Plaintiff complained to Teresa Smith ("Smith" – HR Business Partner Manager, African American/Black) of discrimination and retaliation and further explained that Davis did not assist her with her previous complaints about the same.

44.     Smith did not take any steps to investigate or remedy Plaintiff's aforesaid concerns and merely informed Plaintiff about her appeal rights.

45.     Therefore, Plaintiff appealed her February 11, 2025, disciplinary action to Marx.

46.     Marx responded to Plaintiff's appeal on February 21, 2025, indicating that the disciplinary action would be upheld.

47.     Plaintiff was not interviewed prior to Marx's decision to uphold the disciplinary action and received no response to her inquiries as to why she was not interviewed before a decision was made regarding the same.

48.    On February 25, 2025, only four days after Marx's response, Defendant terminated Plaintiff for alleged "ongoing performance issues" including "failure to carry out supervisory instruction and/or instructions," which referred to Plaintiff's alleged failure to answer management's emails.

49.    Despite being terminated for alleged performance issues and failure to carry out supervisory instruction, Defendant still offered Plaintiff an unsolicited severance package, which Plaintiff did not sign.[1]

### Count I
### Violations of Title VII
### ([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)

50.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51.    Plaintiff believes and avers that she was subjected to a hostile work environment because of her race and/or objections to racial discrimination and retaliation through discriminatory/derogatory comments, pretextual admonishment, and disparate treatment.

52.    Defendant employed a disciplinary action against Plaintiff in close temporal proximity to Plaintiff's objections to Defendant's discriminatory actions.

---

[1] *Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 (E.D. Pa. 2013)(denying summary judgment and finding along with other evidence that an offer of severance compensation when not required by company policy asserting a performance or misconduct-based termination in exchange for a waiver of discrimination claims was evidence of pretext); *see also Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)("Severance pay packages contingent upon a release of claims which are offered contemporaneously with the notice of termination are *not* covered by [Rule 408]," and the motive in offering same is admissible evidence in a retaliation claim and is admissible at trial in this case); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy).

53.     Plaintiff was then abruptly terminated for completely pretextual reasons.

54.     Plaintiff therefore believes and avers that her race was a motivating or determinative factor in Defendant's decisions to subject her to disciplinary action and terminate her employment.

55.     Plaintiff also believes and avers that she was subjected to disciplinary action and ultimately terminated in retaliation for objecting to racial discrimination and/or in retaliation for complaining of racial discrimination.

56.     The adverse actions taken against Plaintiff as outlined herein because of her race and/or in retaliation for her objections to racial discrimination/retaliation constitute violations of Title VII.

## Count II
## Violations of the Pennsylvania Human Resources Act ("PHRA")
### ([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)

57.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58.     Plaintiff believes and avers that she was subjected to a hostile work environment because of her race and/or objections to racial discrimination and retaliation through discriminatory/derogatory comments, pretextual admonishment, and disparate treatment.

59.     Defendant employed a disciplinary action against Plaintiff in close temporal proximity to Plaintiff's objections to Defendant's discriminatory actions.

60.     Plaintiff was then abruptly terminated for completely pretextual reasons.

61.     Plaintiff therefore believes and avers that her race was a motivating or determinative factor in Defendant's decisions to subject her to disciplinary action and terminate her employment.

62.     Plaintiff also believes and avers that she was subjected to disciplinary action and ultimately terminated in retaliation for objecting to racial discrimination and/or retaliation for complaining of racial discrimination.

63.     The adverse actions taken against Plaintiff as outlined herein because of her race and/or in retaliation for her objections to racial discrimination/retaliation (discussed *supra*) constitute violations of the PHRA.

### Count III
### Violations of the Philadelphia Fair Practices Ordinance ("PFPO")
([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)

64.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

65.     Plaintiff believes and avers that she was subjected to a hostile work environment because of her race and/or objections to racial discrimination and retaliation through discriminatory/derogatory comments, pretextual admonishment, and disparate treatment.

66.     Defendant employed a disciplinary action against Plaintiff in close temporal proximity to Plaintiff's objections to Defendant's discriminatory actions.

67.     Plaintiff was then abruptly terminated for completely pretextual reasons.

68.     Plaintiff therefore believes and avers that her race was a motivating or determinative factor in Defendant's decisions to subject her to disciplinary action and terminate her employment.

69.     Plaintiff also believes and avers that she was subjected to disciplinary action and ultimately terminated in retaliation for objecting to racial discrimination and/or retaliation for complaining of racial discrimination.

11

70.     The adverse actions taken against Plaintiff as outlined herein because of her race and/or in retaliation for her objections to racial discrimination/retaliation (discussed *supra*) constitute violations of the PFPO.

**Count IV**
**Violations of Title VII of 42 U.S.C. Section 1981**
**([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

71.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

72.     Plaintiff believes and avers that she was subjected to a hostile work environment because of her race and/or objections to racial discrimination and retaliation through discriminatory/derogatory comments, pretextual admonishment, and disparate treatment.

73.     In close proximity to Plaintiff's objections to Defendant's racial discriminatory harassment, she was subjected to disciplinary action for a clearly pretextual reason.

74.     Plaintiff was then abruptly terminated for completely pretextual reasons.

75.     Plaintiff also believes and avers that she was subjected to disciplinary action and ultimately terminated because of her race and/or in retaliation for complaining of racial discrimination and retaliation.

76.     The adverse actions taken against Plaintiff as outlined herein because of her race and/or in retaliation for her complaints of discrimination and retaliation constitute violations of Section 1981.

**Count V**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Failure to Accommodate )**

77.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

78.    Plaintiff believes and avers that her actual, perceived and/or record of disabilities were a motivating and/or determinative factor in Defendant's decisions to subject her to disciplinary action and terminate her employment.

79.    Plaintiff also believes and therefore avers that Defendant subjected her to disciplinary action and terminated her employment in retaliation for engaging in protected activity under the ADA.

80.    Lastly, Plaintiff believes and avers that Defendant failed to accommodate her by terminating her in order to avoid having to accommodate her intermittent medical leave.

81.    These aforesaid actions constitute violations of the ADA.

**Count VI**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Failure to Accommodate )**

82.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

83.    Plaintiff believes and avers that her actual, perceived and/or record of disabilities were a motivating and/or determinative factor in Defendant's decisions to subject her to disciplinary action and terminate her employment.

13

84.     Plaintiff also believes and therefore avers that Defendant subjected her to disciplinary action and terminated her employment in retaliation for engaging in protected activity under the ADA.

85.     Lastly, Plaintiff believes and avers that Defendant failed to accommodate her by terminating her in order to avoid having to accommodate her intermittent medical leave.

86.     These aforesaid actions constitute violations of the PHRA.

**Count VII**
**Violations of the Philadelphia Fair Practices Ordinance ("PFPO")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Failure to Accommodate )**

87.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

88.     Plaintiff believes and avers that her actual, perceived and/or record of disabilities were a motivating and/or determinative factor in Defendant's decisions to subject her to disciplinary action and terminate her employment.

89.     Plaintiff also believes and therefore avers that Defendant subjected her to disciplinary action and terminated her employment in retaliation for engaging in protected activity under the ADA.

90.     Lastly, Plaintiff believes and avers that Defendant failed to accommodate her by terminating her in order to avoid having to accommodate her intermittent medical leave.

91.     These aforesaid actions constitute violations of the PFPO.

14

**Count VIII**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation & Interference)**

92.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

93.     At all times relevant herein, Defendant has and continues to be an employer within the meaning of the FMLA, 29 U.S.C. §§ 2601.

94.     Prior to her unlawful termination, Plaintiff had worked for Defendant for more than a year and at least 1250 hours in total.

95.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

96.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i)

97.     Defendant is subject to the terms of the FMLA for its FMLA-eligible employees.

98.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of block or intermittent leave.

99.     Defendant was aware that Plaintiff was utilizing intermittent FMLA leave.

100.     Defendant committed interference and retaliation violations of the FMLA by *inter alia*: (1) disciplining and/or terminating Plaintiff for requesting and/or exercising her FMLA rights; (2) taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA; (3) considering Plaintiff's FMLA leave needs in making the decision to terminate her; and/or (4) terminating her to prevent her from continuing to utilize FMLA leave in the future.

101.    These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B.    Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.    Plaintiff is to receive a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:  _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: May 5, 2026

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Christina Collins | : | CIVIL ACTION |
| v. | : | |
| Children's Hospital of Philadelphia (CHOP) | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court. (See reverse side of this form for a detailed explanation of special
      management cases.)          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (x )

| | | |
|---|---|---|
| 5/5/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

COLLINS, CHRISTINA

**(b)** County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

CHILDREN'S HOSPITAL OF PHILADELPHIA (CHOP)

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent – Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine    Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product    Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability   **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards |    Act of 2016 |    (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending |    Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |    Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** |    Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage |    Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |    Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -    Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| |    Medical Malpractice |    Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee |    Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |    Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | |    or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |    Accommodations   ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** |    26 USC 7609 |    Act/Review or Appeal of |
| |    mployment   **Other:** | ☐ 462 Naturalization Application | |    Agency Decision |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |    Other   ☐ 550 Civil Rights |    Actions | |    State Statutes |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| |   ☐ 560 Civil Detainee - | | | |
| |    Conditions of | | | |
| |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); TITLE VII (42USC2000); SECTION 1981 (42USC1981)

Brief description of cause:
Violations of the ADA, FMLA, Title VII, Section 1981, PFPO and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE   5/5/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____